1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

8

| | |
|---|---|
| YUAN ZHANG, a married person, | NO. |
| Plaintiff, | DEFENDANT THE ENERGY AUTHORITY, INC.'S NOTICE OF REMOVAL |
| v. | |
| THE ENERGY AUTHORITY, INC., a corporation, | |
| Defendant. | |

9
10
11
12
13
14
15

TO:    CLERK OF THE COURT

16

AND TO:    PLAINTIFF YUAN ZHANG AND HER ATTORNEYS OF RECORD

17

PLEASE TAKE NOTICE THAT pursuant to Sections 1331, 1332, 1336, 1441 and

18

1446 of Title 28, United States Code, Defendant The Energy Authority, Inc. ("The Energy

19

Authority") removes the instant action from King County Superior Court for the State of

20

Washington, Case No. 22-2-06067-1 SEA, to the United States District Court for the Western

21

District of Washington, Seattle Division.

22

I. BACKGROUND

23

1.    On April 25, 2022, Plaintiff commenced this action by filing her Summons and

24

Complaint for Employment Discrimination in the Superior Court of Washington for King

25

County, captioned *Yuan Zhang, Plaintiff, v. The Energy Authority, Inc., a* corporation, bearing

DEFENDANT THE ENERGY AUTHORITY, INC.'S NOTICE OF
REMOVAL - 1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7594073.1

the case number 22-2-06067-1 SEA ("Plaintiff's Complaint").   A true and correct copy of Plaintiff's operative Complaint is attached as Exhibit 1A, and made part of this Notice.

2.     Plaintiff Zhang filed a motion for default order with the King County Superior Court that is pending and was noted for hearing on June 3, 2022.  No further proceedings have occurred in this action.

3.     Plaintiff's Complaint alleges that The Energy Authority took adverse employment actions against her on the basis of sex, race/ethnicity, pregnancy, and utilization of leave benefits.  Exhibit 1A, Plaintiff's Complaint, p. 1.  Zhang further contends that these allegations amount to violations of federal law.  Specifically, Zhang alleges that The Energy Authority violated Title VII of the Civil Rights Act of 1964 (Exhibit 1A, Plaintiff's Complaint, pp. 8-11), Section 1981 of Title 42, United States Code (Exhibit 1A, Plaintiff's Complaint, pp. 11, 12-13), and Section 2000, *et seq.*, Title 42, United States Code (Exhibit 1A, Plaintiff's Complaint, p. 12).  Zhang contends the same conduct alleged to have been committed by The Energy Authority violated state law.

4.     Plaintiff Yuan Zhang is domiciled in King County, the State of Washington. Exhibit 1A, ¶ 2.2.

5.     Defendant The Energy Authority, Inc. is a foreign non-profit corporation, registered in the State of Georgia with its principal place of business in Jacksonville, Florida.

6.     The amount in controversy in this matter exceeds $75,000.

## II. EXHIBITS

7.     The following Exhibits are filed together with this Notice of Removal and are incorporated by reference as if fully set forth herein:

Exhibit 1:     The Declaration of Sheryl J. Willert in Support of Notice of Removal.

Exhibit 1A:     A true and correct copy of the operative Complaint;

DEFENDANT THE ENERGY AUTHORITY, INC.'S NOTICE OF REMOVAL - 2

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7594073.1

Exhibit 1B:    Composite Exhibit with true and correct copies of all process, pleadings, and orders served upon The Energy Authority, Inc. prior to the time this Notice of Removal was filed.

Exhibit 2:    The Declaration of John Lucas, CFO of The Energy Authority, Inc. in Support of Notice of Removal.

Exhibit 3:    Notice of Removal filed in the Superior Court of Washington for King County.

## III. GROUNDS FOR REMOVAL

A.    Federal Question

8.    Removal of this action is appropriate under Sections 1331, 1332 and 1441 of Title 28, United States Code.  Plaintiff expressly pleaded causes of action arising under federal law, namely, she alleges The Energy Authority violated Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §§ 1981, 2000 *et seq.*  The district courts of the United States thus have original jurisdiction over such claims pursuant to Section 1331 of Title 28, United States Code. Removal of these claims is thus proper pursuant to Section 1441.

9.    Removal of Zhang's state law claims is proper because they arise out of the same alleged operative facts and therefore form part of the same case or controversy.  They thus fall within the supplemental jurisdiction of district courts of the United States pursuant to Section 1367, Title 28, United States Code.

10.    Removal is timely because it was filed within 30 days of the date on which Plaintiff's Complaint was filed in state court, April 25, 2022. 28 U.S.C. § 1446(b).

B.    Diversity Jurisdiction

11.    Removal is also appropriate because there is diversity among the parties, the defendant is not a resident of Washington, and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.

DEFENDANT THE ENERGY AUTHORITY, INC.'S NOTICE OF
REMOVAL - 3

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

1    12.    For diversity purposes, a person is a "citizen" of the state in which they are

2  domiciled.  Plaintiff Zhang alleged she is a resident of Washington.  Exhibit 1A, ¶ 2.2.

3    13.    As a non-profit corporation, The Energy Authority is considered to be a citizen

4  of the state in which it was incorporated, or the state in which it maintains its principal place of

5  business.  28 U.S.C. § 1332(C).  A corporation's principal place of business is the

6  corporation's "nerve center" where its high level officers direct, control, and coordinate the

7  corporation's activities.  *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).  The Energy Authority is

8  incorporated in the State of Georgia and its headquarters, where its executives and officers

9  direct its corporate activities, is located in Jacksonville, Florida.  Exhibit 2, Declaration of John

10  Lucas, CFO of the Energy Authority.  Therefore, there is complete diversity of citizenship

11  between Zhang and The Energy Authority.

12    14.    The amount in controversy in this case also exceeds $75,000.  The United States

13  Supreme Court has held that a defendant's notice of removal need only include a plausible

14  allegation that the amount in controversy exceeds the jurisdictional threshold.  *Dart Cherokee*

15  *Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495

16  (2014).  When determining whether the jurisdictional minimum is met, the Court will also

17  consider all recoverable damages, punitive damages, statutory penalties and attorney's fees that

18  could conceivably be awarded.  *Ten Bridges, LLC v. Midas Mulligan*, LLC, 522 F. Supp. 3d

19  856, 871 (W.D. Wash. 2021).

20    15.    Although Plaintiff's Complaint does not allege an amount in controversy, it is

21  apparent from its face that the amount in controversy exceeds $75,000.  Zhang alleges she was

22  wrongfully terminated from her employment with The Energy Authority on August 27, 2019.

23  Exhibit 1A, Plaintiff's Complaint, ¶ 4.59.  Plaintiff does not allege she was able to mitigate her

24  damages; instead she seeks lost income and benefits from the date of her termination,

25  compensatory damages for past and future non-pecuniary damages including emotional pain,

DEFENDANT THE ENERGY AUTHORITY, INC.'S NOTICE OF
REMOVAL - 4

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7594073.1

suffering, inconvenience, mental anguish, loss of enjoyment of life, and humiliation, punitive damages, and attorney's fees and costs.  Exhibit 1A, Plaintiff's Complaint, pp. 17-18. Considering the nature of Zhang's allegations, the time period for which she seeks lost income, the potential for punitive damages, and the potential recovery of attorney's fees and costs, Defendant reasonably believes that the amount in controversy exceeds $75,000.

C.    Procedural Requirements for Removal Have Been Met

16.    In addition to meeting the jurisdictional requirements for removal, Defendant is filing a copy of all process, pleadings, and orders served upon it in this matter in accordance with Section 1446 or Title 28, United States Code.  Exhibit 1B.  The Energy Authority is not aware of any proceeding in the above-described state court civil action beyond those identified and included in Exhibit 1B.

17.    Pursuant to LCR 101, contemporaneously to the filing of this Notice of Removal, The Energy Authority is filing the following:

(1) a copy of the operative complaint;

(2) a certificate of service which lists all counsel and pro se parties who have appeared in the action with their contact information, including email address; and

(3) A completed Civil Cover Sheet (A044).

18.    Defendant will promptly file the Notice of Filing of Removal attached as Exhibit 3, with a copy of this Notice of Removal, in the Superior Court of Washington for King County and is also serving a copy of this Notice on Zhang's counsel of record.

## IV.  CONCLUSION

19.    Defendant The Energy Authority, Inc. respectfully notifies the Court that it removes this case from the Superior Court of Washington for King County to this Court.

DEFENDANT THE ENERGY AUTHORITY, INC.'S NOTICE OF REMOVAL - 5

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7594073.1

1      DATED this 23rd day of May, 2022.

2                             WILLIAMS, KASTNER & GIBBS PLLC

3                             By:     *s/ Sheryl J. Willert*

4                                   Sheryl J. Willert, WSBA #08617

5                             By:     *s/ Blair I. Fassburg*

                                  Blair I. Fassburg, WSBA #41207

6                             601 Union Street, Suite 4100

7                             Seattle, WA 98101-2380

                            Telephone:  (206) 628-6600

8                             Fax:  (206) 628-6611

                            swillert@williamskastner.com

9                             bfassburg@williamskastner.com

10                           *Attorneys for Defendant The Energy Authority, Inc.*

11                      **<u>CERTIFICATE OF SERVICE</u>**

12        I hereby certify under penalty of perjury under the laws of the State of Washington that

13 on the date below, I electronically filed the foregoing document using the CM/ECF system

14 which will send notification of such filing to all attorneys of record, and caused a true and

15 correct copy of the foregoing document to be delivered to the following parties in the manner

16 indicated:

17     ATTORNEY FOR PLAINTIFF:                 ☑    Via electronic mail

18

19     Joseph W. Moore, WSBA #44061

     Cascade Law, PLLC

20     1604 Hewitt Avenue, Suite 515

     Everett, WA  98201

21     Email: info@cascade.law

22        DATED this 23rd day of May, 2022.

                            *s/ Maggi Gruber*

23                             Maggi Gruber, Legal Assistant

                            mgruber@williamskastner.com

24

25

DEFENDANT THE ENERGY AUTHORITY, INC.'S NOTICE OF
REMOVAL - 6

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7594073.1