1

2

3

4

5

6

7                 IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
                            IN AND FOR KING COUNTY

8

9    YUAN ZHANG, a married person,
                                                   Case No.
10                          Plaintiff,

11        v.
                                                   **COMPLAINT FOR EMPLOYMENT**
12   THE    ENERGY    AUTHORITY,    INC.,    a     **DISCRIMINATION**
     corporation,
13

14                          Defendant.

15

16          Plaintiff, Yuan Zhang ("Plaintiff" or "Ms. Zhang"), by and through her attorney of record,

17   Joseph W. Moore of Cascade Law, PLLC, commences this action against Defendant, The Energy

18   Authority ("TEA" or "Defendant"), for employment discrimination and alleges as follows:

19                          **I.      INTRODUCTION**

20          This is an employment discrimination case in which Defendant took adverse employment

21   actions against Plaintiff because of her sex, race/ethnicity, pregnancy, and utilization of leave

22   benefits. After subjecting Plaintiff to different treatment than other similarly-situated employees,

23   Defendant fired Plaintiff, a new mother, shortly after receiving notice that Plaintiff was

24   considering taking the remaining pregnancy/maternity leave to which she was entitled. Plaintiff's

25

COMPLAINT FOR EMPLOYMENT                               **CASCADE LAW, PLLC**
DISCRIMINATION                                         1604 Hewitt Avenue, Suite 515
**Case No.**                                           Everett, WA 98201
Page 1 of 18                                           P: (425) 998-8999 / info@cascade.law

sex (female), race/ethnicity, pregnancy and maternity leave were substantial factors in Defendant's employment decisions regarding Plaintiff, up to and including the decision to terminate Plaintiff's employment, constituting a violation of Plaintiff's rights under federal and Washington state employment laws.

## II.     JURISDICTION AND PARTIES

2.1    Defendant is a corporation licensed to do business in the State of Washington, with offices in Jacksonville, Florida and Bellevue, Washington.

2.2    Ms. Zhang is a woman of Asian descent and a resident of King County, Washington.

## III.     VENUE

3.1    Venue is proper because Defendant transacts or conducts business in King County, Washington.

## IV.     BACKGROUND FACTS

4.1    TEA employs 49 or more employees at its Bellevue office.

4.2    On or about July 5, 2015, TEA hired Plaintiff as a Structure and Pricing Analyst.

4.3    Josh West ("Mr. West") was TEA's Manager of Analytics-West and Plaintiff's direct supervisor from July 2015 through May 2019.

4.4    William Clarke ("Mr. Clarke") was TEA's Executive Director of Analytics and acted as Mr. West's immediate supervisor from July 2015 through May 2019.

4.5    Michelle McCoy was TEA's Human Resources Director/Supervisor for the Bellevue office during the events giving rise to Plaintiff's Complaint.

4.6    For the duration of her employment, Plaintiff was the only member of her team who was the primary caregiver to a child.

COMPLAINT FOR EMPLOYMENT
DISCRIMINATION
**Case No.**
Page 2 of 18

1

2     4.7    Plaintiff's performance was satisfactory at all times during her employment.

3     4.8    TEA provided yearly performance appraisals for its employees during the time of

4 Plaintiff's employment.

5     4.9    The appraisal rated employee performance on a scale ranging from 1

6 (unsatisfactory) through 5 (truly distinguished).

7     4.10    Plaintiff's appraisals for the years 2016, 2017, and 2018 indicate that Plaintiff's

8 performance was rated higher than "unsatisfactory" and/or "1" for each of those years.

9

10     4.11    In 2017, Defendant promoted Plaintiff to the position of Qualified Analyst.

11     4.12    After her promotion, Plaintiff began participating in monthly meetings with Mr.

12 West, as did all of Mr. West's subordinates.

13     4.13    Mr. West did not allege during any of these meetings that Plaintiff's performance

14 was falling below company standards.

15     4.14    Mr. West did not allege during any of these meetings that Plaintiff was at risk of

16 being terminated if her performance did not improve.

17     4.15    On September 14, 2018, Plaintiff sent an email announcing her pregnancy to her

18 team (the "September 14 email").

19     4.16    In the September 14 email, Plaintiff stated she was due to give birth in March

20 2019.

21     4.17    Plaintiff also indicated her plan to work "up to the delivery week, take March and

22 April off" and "come back to work in May either part-time or full time."

23     4.18    Plaintiff copied Mr. West and Mr. Clarke on the September 14 email.

24     4.19    TEA provides an employee with a leave of absence for the period of time the

25

COMPLAINT FOR EMPLOYMENT
DISCRIMINATION
**Case No.**
Page 3 of 18

**CASCADE LAW, PLLC**
1604 Hewitt Avenue, Suite 515
Everett, WA 98201
P: (425) 998-8999 / info@cascade.law

1  employee is sick or temporarily disabled because of pregnancy or childbirth.

2      4.20    Neither Mr. West nor Mr. Clarke provided Plaintiff with any information or

3  notification about paid family medical leave or applicable TEA leave policies in response to the

4  September 14 email.

5      4.21    Neither Ms. McCoy, nor any other TEA Human Resources employee, provided

6  Plaintiff with any notification about paid family medical leave or TEA's applicable leave policies

7  in response to her public pregnancy announcement.

8      4.22    Despite Plaintiff's obvious appearance indicating she was pregnant, neither Mr.

9  West, Mr. Clarke, nor anyone from TEA'S Human Resources department informed Plaintiff of

10  TEA's leave policies or inquired whether Plaintiff needed leave time.

11      4.23    Less than one (1) month after Plaintiff communicated news of her pregnancy, Mr.

12  Clarke began searching for her replacement, despite Plaintiff's reassurances to Mr. Clarke and

13
14  Mr. West that she was having a normal pregnancy and was still capable of performing her job

15  duties.

16      4.24    On or about February 4, 2019, Mr. Clarke told Plaintiff that another employee (a

17  non-pregnant female) would be taking over Plaintiff's duties.

18      4.25    When Plaintiff inquired about the reasons for this change, Mr. Clarke informed

19  Plaintiff he thought it would be good for her.

20      4.26    Mr. Clarke did not state or otherwise indicate in any way that the change was

21  related to Plaintiff's performance.

22      4.27    After the February 4 conversation, Plaintiff was reassigned to a different role with

23  less responsibility.

24
25      4.28    Plaintiff communicated with TEA Human Resources employees, Mr. West, and

COMPLAINT FOR EMPLOYMENT
DISCRIMINATION
**Case No.**
Page 4 of 18

CASCADE LAW, PLLC
1604 Hewitt Avenue, Suite 515
Everett, WA 98201
P: (425) 998-8999 / info@cascade.law

1   Mr. Clarke on multiple occasions during her pregnancy, both in person and via email.

2        4.29    At the time of Plaintiff's employment, TEA permitted employees to work from

3   home.

4        4.30    TEA did not require employees to provide formal notice or otherwise inform TEA

5   should they decide to work from home.

6        4.31    Roughly one (1) week prior to her delivery date, Plaintiff transitioned to working

7   from home after her obstetrician advised that her water could break at any moment and suggested

8   Plaintiff work remotely since Plaintiff's previous child was delivered prematurely.

9        4.32    Plaintiff worked her normal schedule for the remainder of her pregnancy.

10       4.33    While Plaintiff worked from home, she performed all required work duties,

11  responded to work emails, and was reachable at all times.

12       4.34    In early March 2019, Plaintiff sent an email with the subject line "Short Term

13  Disdability [sic]/Maternity Leave" to TEA Human Resources employee Charity Landry

14  reminding TEA's Human Resources Department that Plaintiff's due date was approaching and

15  inquiring about the procedure to file for short term disability and maternity leave.

16       4.35    Plaintiff copied Ms. McCoy on this email.

17       4.36    No one from TEA's Human Resources department responded to Plaintiff's email.

18       4.37    Plaintiff gave birth on March 5, 2019 and began her maternity leave at that time.

19       4.38    That same day, while Plaintiff was in the hospital recovering from giving birth,

20  Ms. McCoy bizarrely left Plaintiff a voicemail inquiring as to the reasons for Plaintiff's absence

21  from work.

22       4.39    Plaintiff responded to Ms. McCoy and informed her that Plaintiff had just given

23  birth.

COMPLAINT FOR EMPLOYMENT
DISCRIMINATION
**Case No.**
Page 5 of 18

**CASCADE LAW, PLLC**
1604 Hewitt Avenue, Suite 515
Everett, WA 98201
P: (425) 998-8999 / info@cascade.law

1

4.40    While Plaintiff was on leave, Mr. Clarke sent an email to Plaintiff's team opining

2    that Plaintiff's absence was negatively impacting the team's performance.

3    4.41    After spending approximately six (6) weeks on leave, Plaintiff returned to work

4    on or about May 6, 2019.

5    4.42    Ms. McCoy sent Plaintiff an email welcoming her back to work.

6    4.43    In that email, Ms. McCoy also explained that Plaintiff could take "3 ½  weeks of

7    PTO," and "file a disability claim to cover another four weeks," but "there will still be at least 1

8    ½ weeks you will not have enough PTO to cover."

9
10    4.44    TEA provided similarly-situated White pregnant females with 18 weeks of

11    pregnancy leave.

12    4.45    In or around May 2019, Kevin Galke ("Mr. Galke") replaced Mr. West as

13    Plaintiff's direct supervisor.

14    4.46    TEA instructed Mr. Galke to create documentation sufficient to provide a pretext

15    to terminate Plaintiff.

16    4.47    Mr. Galke continued to meet monthly with each of his subordinates, including

17    Plaintiff, as Mr. West did previously.

18    4.48    In these meetings with Plaintiff, Mr. Galke did not allege that Plaintiff's

19    performance was falling below company standards.

20    4.49    In these meetings, Mr. Galke did not allege that Plaintiff was at risk of being

21    terminated if her performance did not improve.

22    4.50    On July 24, 2019, Plaintiff sent Mr. Galke an email with the subject line,

23
24    "Maternity Leave" (the "Maternity Leave Email").

25    4.51    In the Maternity Leave email, Plaintiff stated she was giving Mr. Galke early

COMPLAINT FOR EMPLOYMENT
DISCRIMINATION
**Case No.**
Page 6 of 18

**CASCADE LAW, PLLC**
1604 Hewitt Avenue, Suite 515
Everett, WA 98201
P: (425) 998-8999 / info@cascade.law

1    notice of her possible need to take the remaining 8 weeks of her pregnancy leave.

2         4.52    Plaintiff indicated if leave were needed, she would take time off between October

3    2019 and November 2019.

4         4.53    Plaintiff noted that she had copied Ms. McCoy on the Maternity Leave Email for

5    Ms. McCoy's records or in case Plaintiff needed to fill out leave paperwork in advance.

6         4.54    Neither Mr. Galke nor Ms. McCoy responded to the Maternity Leave Email.

7         4.55    Subsequently, Plaintiff inquired whether TEA would like to reimburse Plaintiff

8    for a Microsoft training program.

9         4.56    Plaintiff met the basic criteria for approval.

10        4.57    However, on or around August 22, 2019, Mr. Galke informed Plaintiff that he was

11   denying her request for tuition reimbursement.

12

13        4.58    Mr. Galke did not attribute the denial to any deficiency in Plaintiff's work

14   performance.

15        4.59    Five days later, on August 27, 2019, Plaintiff was terminated during a meeting

16   with Mr. Galke and Susan Boggs, TEA's Chief People Officer.

17        4.60    TEA replaced Plaintiff with a Caucasian male with no children.

18        4.61    Plaintiff was terminated approximately one (1) month after notifying her

19   supervisor, Mr. Galke, that she might need to take the rest of the leave time to which she was

20   entitled.

21        4.62    Plaintiff had worked for TEA for approximately 4 ½ years and was employed as a

22   Portfolio Analyst at the point of termination.

23

24        4.63    During the August 27 meeting, Ms. Boggs told Plaintiff her termination was "not

25   because [she is] not good," but because she is "not a good fit."

COMPLAINT FOR EMPLOYMENT
DISCRIMINATION
**Case No.**
Page 7 of 18

CASCADE LAW, PLLC
1604 Hewitt Avenue, Suite 515
Everett, WA 98201
P: (425) 998-8999 / info@cascade.law

4.64    After Plaintiff told Ms. Boggs that Plaintiff had requested maternity leave, Ms. Boggs granted Plaintiff's leave request and stated she would provide Plaintiff additional weeks of health insurance.

4.65    Neither Plaintiff's managers nor any other individual with supervisory authority complained of or made any other such reference to Plaintiff not being a good fit for TEA until after her pregnancy.

## V.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.1    Plaintiff re-alleges paragraphs 1.1 through 4.65 as though fully set forth herein.

5.2    On or about January 17, 2020, Plaintiff filed a charge of discrimination with the WSHRC and Equal Employment Opportunity Commission (EEOC) alleging discrimination by Defendant TEA on the basis of Plaintiff's sex, ethnicity, and Plaintiff's request to use leave under the Washington Family Leave Act ("WFLA").

5.3    The EEOC issued Plaintiff a Notice of Right to Sue letter on January 28, 2002.

5.4    Plaintiff has timely filed this action within ninety (90) days after receiving the Notice of Right to Sue letter from the EEOC.

## VI.    FOR A FIRST CAUSE OF ACTION
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### Intentional Discrimination - Sex

6.1    The Plaintiff re-alleges paragraphs 1.1 through 5.4 as though fully set forth herein.

6.2    Defendant inflicted less favorable employment terms upon the Plaintiff because of the Plaintiff's sex.

6.3    Defendant singled out and targeted Plaintiff for enhanced workplace scrutiny and harassment.

6.4    Based on the plaintiff's sex, Defendant reassigned Plaintiff to a position with less

COMPLAINT FOR EMPLOYMENT
DISCRIMINATION
**Case No.**
Page 8 of 18

CASCADE LAW, PLLC
1604 Hewitt Avenue, Suite 515
Everett, WA 98201
P: (425) 998-8999 / info@cascade.law

1   responsibility.

2     6.5  The Defendant terminated Plaintiff based upon the plaintiff's sex.

3     6.6  Defendant's discriminatory treatment of Plaintiff constitutes sex discrimination,

4   disparate treatment based on sex, and less favorable terms and conditions of employment for the

5   plaintiff based on sex, all in violation of Title VII.

6     6.7  As a result of Defendant's knowing and willfully unlawful actions, Plaintiff has

7   suffered damages (including but not limited to physical and mental distress, loss of income and

8   benefits, costs and attorney's fees and other actual and punitive damages).

9     6.8  Plaintiff seeks actual and punitive damages, costs and attorney's fees in such

10  amounts as are just and proper as well as other relief available from this Court.

11  

### VII. FOR A SECOND CAUSE OF ACTION
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### Intentional Discrimination - Race

14    7.1  The Plaintiff re-alleges paragraphs 1.1 through 5.4 as though fully set forth herein.

15    7.2  Plaintiff is Asian.

16    7.3  Defendant inflicted less favorable employment terms upon the Plaintiff on the

17  basis of Plaintiff's race.

18    7.4  For example, pregnant employees who were not Asian were permitted to take 18

19  weeks of leave in 2019.

20    7.5  Based on the plaintiff's race, Defendant reassigned Plaintiff to a position with less

21  responsibility.

23    7.6  The Defendant terminated Plaintiff based upon the plaintiff's race.

24    7.7  Defendant's discriminatory treatment of Plaintiff constitutes race discrimination,

25  disparate treatment based on race, and less favorable terms and conditions of employment for the

COMPLAINT FOR EMPLOYMENT
DISCRIMINATION
**Case No.**
Page 9 of 18

CASCADE LAW, PLLC
1604 Hewitt Avenue, Suite 515
Everett, WA 98201
P: (425) 998-8999 / info@cascade.law

1   plaintiff based on race, all in violation of Title VII.

2      7.8   As a result of Defendant's knowing and willfully unlawful actions, Plaintiff has

3   suffered damages (including but not limited to physical and mental distress, loss of income and

4   benefits, costs and attorney's fees and other actual and punitive damages).

5      7.9   Plaintiff seeks actual and punitive damages, costs and attorney's fees in such

6   amounts as are just and proper as well as other relief available from this Court.

7
                    **VIII.   FOR A THIRD CAUSE OF ACTION**
8        **VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
                    **Intentional Discrimination – National Origin**
9
10     8.1   The Plaintiff re-alleges paragraphs 1.1 through 7.9 as though fully set forth herein.

11     8.2   Plaintiff is a legal immigrant from China.

12     8.3   Plaintiff's national origin is Chinese.

13     8.4   Defendant inflicted less favorable employment terms upon the Plaintiff on the

14   basis of Plaintiff's national origin.

15     8.5   For example, pregnant employees who were not from China were permitted to take

16   18 weeks of leave in 2019.

17     8.6   Based on the plaintiff's national origin, Defendant reassigned Plaintiff to a

18   position with less responsibility.

19     8.7   The Defendant terminated Plaintiff based upon the plaintiff's national origin.

20     8.8   Defendant's discriminatory treatment of Plaintiff constitutes discrimination on the

21
22   basis of national origin, disparate treatment based on national origin, and less favorable terms and

23   conditions of employment for the plaintiff based on her national origin, all in violation of Title

24   VII.

25     8.9   As a result of Defendant's knowing and willfully unlawful actions, Plaintiff has

COMPLAINT FOR EMPLOYMENT
DISCRIMINATION
**Case No.**
Page 10 of 18

**CASCADE LAW, PLLC**
1604 Hewitt Avenue, Suite 515
Everett, WA 98201
P: (425) 998-8999 / info@cascade.law

suffered damages (including but not limited to physical and mental distress, loss of income and benefits, costs and attorney's fees and other actual and punitive damages).

8.10     Plaintiff seeks actual and punitive damages, costs and attorney's fees in such amounts as are just and proper as well as other relief available from this Court.

### IX.     FOR A FOURTH CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1981
### Intentional Discrimination – Race/Ethnicity

9.1     The plaintiff re-alleges paragraphs 1.1 through 6.8 as though fully set forth herein.

9.2     42 U.S.C. §1981 guarantees that citizens will be treated equally in contracts regardless of their race, ethnicity, or nationality.

9.3     An employment relationship is by nature contractual.

9.4     Defendant employed Plaintiff.

9.5     Defendant had a contractual relationship with Plaintiff.

9.6     Plaintiff's race/ethnicity is Asian.

9.7     Defendant treated the plaintiff less favorably with regards to the terms and conditions of employment than employees outside of her race/ethnicity.

9.8     For example, a pregnant Caucasian employee was permitted to take 18 weeks of leave in 2019.

9.9     Such disparate treatment amounts to discrimination based on race/ethnicity.

9.10     The Defendant's discriminatory treatment of the plaintiff was intentional.

9.11     But for Plaintiff's race/ethnicity, Defendant would have continued its employment relationship with Plaintiff.

9.12     Defendant has discriminated against Plaintiff in violation of 42 U.S.C. §1981 through unequal enforcement of employment policies.

COMPLAINT FOR EMPLOYMENT
DISCRIMINATION
**Case No.**
Page 11 of 18

CASCADE LAW, PLLC
1604 Hewitt Avenue, Suite 515
Everett, WA 98201
P: (425) 998-8999 / info@cascade.law

9.13    As a result of Defendant's knowing and willfully unlawful actions, the plaintiff has suffered damages (including but not limited to physical and mental distress, loss of income and benefits, costs and attorney's fees and other actual and punitive damages).

## X.    FOR A FIFTH CAUSE OF ACTION
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### Hostile Work Environment
### (42 U.S.C. § 2000e *et seq*.)

10.1    The plaintiff re-alleges paragraphs 1.1 through 9.13 as though fully set forth herein.

10.2    The Defendant conducted and permitted unwelcome conduct against the Plaintiff.

10.3    The Defendant's unwelcome conduct was based on the Plaintiff's sex.

10.4    The Defendant's unwelcome conduct was severe and pervasive enough to alter the conditions of employment and to create a hostile work environment.

10.5    There is a basis for imputing liability to the Defendant.

10.6    As a result of Defendant's knowing and willfully unlawful actions, the Plaintiff has suffered damages (including but not limited to physical and mental distress, loss of income and benefits, costs and attorney's fees and other actual and punitive damages).

10.7    The Plaintiff seeks actual and punitive damages, costs and attorney's fees in such amounts as are just and proper as well as other relief available from this Court.

## XI.    FOR A SIXTH CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1981
### Hostile Work Environment

11.1    The plaintiff re-alleges paragraphs 1.1 through 10.7 as though fully set forth herein.

11.2    The defendant conducted and permitted unwelcome conduct against the plaintiff.

11.3    The defendant's unwelcome conduct was based on the plaintiff's race/ethnicity.

11.4    The defendant's unwelcome conduct was severe and pervasive enough to alter the

COMPLAINT FOR EMPLOYMENT
DISCRIMINATION
**Case No.**
Page 12 of 18

CASCADE LAW, PLLC
1604 Hewitt Avenue, Suite 515
Everett, WA 98201
P: (425) 998-8999 / info@cascade.law

1   conditions of employment and to create an abusive work environment.

2        11.5    There is a basis for imputing liability to the defendant.

3        11.6    As a result of Defendant's knowing and willfully unlawful actions, the plaintiff

4   has suffered damages (including but not limited to physical and mental distress, loss of income

5   and benefits, costs and attorney's fees and other actual and punitive damages).

6        11.7    The plaintiff seeks actual and punitive damages, costs and attorney's fees in such

7   amounts as are just and proper as well as other relief available from this Court.

### XII.    FOR A SEVENTH CAUSE OF ACTION
### VIOLATION OF REV. CODE. WASH. RCW 49.60 *et seq.*
### Intentional Discrimination – Sex and Pregnancy

     12.1    Plaintiff re-alleges paragraphs 1.1 through 9.7 as if restated herein verbatim.

     12.2    Defendant is an employer subject to the requirements and prohibitions set forth in

the Washington Law Against Discrimination ("WLAD"). RCW 49.60 *et seq.*

     12.3    Plaintiff was a female TEA employee.

     12.4    Shortly after Plaintiff notified TEA of her pregnancy, Plaintiff was replaced by a

non-pregnant employee and reassigned to a different position with less responsibility.

     12.5    At the time of Plaintiff's reassignment, she was capable of performing her job

duties.

     12.6    Plaintiff was terminated and replaced by a male employee.

     12.7    At the time of her termination, Plaintiff was performing her job at a level that met

her employer's legitimate business expectations.

     12.8    Defendant inflicted less favorable employment terms upon the plaintiff because of

her sex.

     12.9    Such disparate treatment amounts to discrimination based on sex or gender.

COMPLAINT FOR EMPLOYMENT
DISCRIMINATION
**Case No.**
Page 13 of 18

CASCADE LAW, PLLC
1604 Hewitt Avenue, Suite 515
Everett, WA 98201
P: (425) 998-8999 / info@cascade.law

1

2
12.10   The Defendant's discriminatory and disparate treatment of the plaintiff was intentional.

3
12.11   The foregoing conduct constitutes illegal, intentional discrimination prohibited by

4
the Washington Law Against Discrimination, Rev. Code Wash. 49.60 *et seq*.

5
12.12   As a result of Defendant's knowing and willfully unlawful actions, Plaintiff has

6
suffered damages (including but not limited to physical and mental distress, loss of income and

7
benefits, costs and attorney's fees and other actual and punitive damages).

8
### XIII.   FOR AN EIGHTH CAUSE OF ACTION
9
### VIOLATION OF REV. CODE WASH. 49.60 *et seq*.
### Intentional Discrimination – Race/Ethnicity

10

11
13.1   Plaintiff re-alleges paragraphs 1.1 through 10.10 as though fully set forth herein.

12
13.2   Defendant employed the Plaintiff.

13
13.3   Plaintiff is Asian.

14
13.4   Defendant terminated Plaintiff and replaced her with a White individual.

15
13.5   At the time of Plaintiff's termination, Plaintiff was performing her job at a level

16
that met her employer's legitimate business expectations.

17
13.6   Plaintiff's termination occurred under circumstances that raise a reasonable

18
inference of unlawful discrimination.

19
13.7   Defendant treated Plaintiff less favorably with regards to the terms and conditions

20
of employment than employees who were not Asian.

21
13.8   Such disparate treatment amounts to discrimination based on race/ethnicity.

22
13.9   The defendant's discriminatory and disparate treatment of the plaintiff was

23
intentional.

24
13.10   The foregoing conduct constitutes illegal, intentional discrimination prohibited by

25

COMPLAINT FOR EMPLOYMENT
DISCRIMINATION
**Case No.**
Page 14 of 18

CASCADE LAW, PLLC
1604 Hewitt Avenue, Suite 515
Everett, WA 98201
P: (425) 998-8999 / info@cascade.law

1    the Washington Law Against Discrimination, Rev. Code Wash. 49.60.180.

2        13.11   As a direct result of Defendant's knowing and willfully unlawful actions, Plaintiff

3    has suffered damages including but not limited to, lost past and future income, compensation, and

4    benefits.

### XIV.   FOR A NINTH CAUSE OF ACTION
### VIOLATION OF WASHINGTON FAMILY LEAVE ACT, RCW 49.78 *et seq.*
### Retaliation

7        14.1    Plaintiff re-alleges paragraphs 1.1 through 14.11 as though restated verbatim.

8        14.2    The Washington Family Leave Act, RCW 49.78 *et seq.*, was effective at the time

9    of the events giving rise to Plaintiff's Complaint.

10       14.3    Defendant learned or should have learned there was a possible qualifying event

11   making Plaintiff eligible for family leave when Plaintiff sent the Maternity Leave Email to Mr.

12   Galke (copying Ms. McCoy).

13       14.4    Roughly one (1) month after this email, Defendant took adverse action against

14   Plaintiff, terminating her employment.

15       14.5    Plaintiff engaged in a protected activity under the Washington Family Leave Act.

16       14.6    There exists a causal connection between Plaintiff notifying Defendant she may

17   need to take her remaining leave time and the Defendant's adverse action.

18       14.7    The defendant's treatment of Plaintiff was intentional.

19       14.8    Defendant's actions – including but not limited to terminating Plaintiff's

20   employment – constituted a violation of Plaintiff's rights under the WFLA, RCW 49.78.300.

21       14.9    As a result of Defendant's knowing and willfully unlawful actions, the plaintiff

22   has suffered damages (including but not limited to physical and mental distress, loss of income

23   and benefits, costs and attorney's fees and other actual and punitive damages).

COMPLAINT FOR EMPLOYMENT
DISCRIMINATION
**Case No.**
Page 15 of 18

CASCADE LAW, PLLC
1604 Hewitt Avenue, Suite 515
Everett, WA 98201
P: (425) 998-8999 / info@cascade.law

## XV.   FOR AN ELEVENTH CAUSE OF ACTION
## VIOLATION OF PREGNANCY DISCRIMINATION ACT
### Intentional Discrimination

15.1   Plaintiff re-alleges paragraphs 1.1 through 12.8 as though fully set forth herein.

15.2   The Pregnancy Discrimination Act, an amendment to Title VII of the Civil Rights Act of 1964, requires an employer treat pregnant employees the same as other employees-including women-who are not pregnant but otherwise similar in their ability or inability to work.

15.3   The Defendant made employment decisions regarding Plaintiff based on her pregnancy, a pregnancy-related condition, or prejudices of supervisors, co-workers, clients, and/or customers.

15.4   The status of not being pregnant is not a bona fide occupational qualification that is reasonably necessary to the normal operation of Defendant's business.

15.5   Defendant treated Plaintiff less favorably with regards to the terms and conditions of employment than employees who were not pregnant.

15.6   Such disparate treatment amounts to discrimination based on pregnancy or a pregnancy-related condition.

15.7   The defendant's discriminatory and disparate treatment of the plaintiff was intentional.

15.8   The foregoing conduct constitutes illegal, intentional discrimination prohibited by the Pregnancy Discrimination Act.

15.9   As a direct result of Defendant's knowing and willfully unlawful actions, Plaintiff has suffered damages including but not limited to, lost past and future income, compensation, and benefits.

15.10   The Plaintiff seeks actual and punitive damages, costs and attorney's fees in such

COMPLAINT FOR EMPLOYMENT
DISCRIMINATION
**Case No.**
Page 16 of 18

**CASCADE LAW, PLLC**
1604 Hewitt Avenue, Suite 515
Everett, WA 98201
P: (425) 998-8999 / info@cascade.law

amounts as are just and proper as well as other relief available from this Court.

## XVI.   REQUEST FOR RELIEF

16.1    As a proximate result of the defendant's discrimination, Plaintiff has suffered and continues to suffer losses in an amount to be proven at trial.

16.2    Plaintiff prays for the following relief:

a.    Judgment against Defendant under Title VII of the Civil Rights Act of 1964, for the illegal and intentional discrimination against Plaintiff because of Plaintiff's sex, race and/or national origin;

b.    Judgment against Defendant under 42 U.S.C. § 1981 for the illegal and intentional discrimination against Plaintiff because of Plaintiff's race or ethnicity;

c.    Judgment against Defendant under Title VII of the Civil Rights Act of 1964 for subjecting Plaintiff to a hostile work environment due to Plaintiff's sex and race/ethnicity;

d.    Judgment against Defendant under RCW 49.60 *et seq*. for the illegal and intentional discrimination against Plaintiff because of Plaintiff's sex/pregnancy;

e.    Judgment against Defendant under RCW 49.60 *et seq*. for the illegal discrimination against Plaintiff due to her race/ethnicity

f.    Judgment against Defendant under RCW 49.78 *et seq*. for illegal retaliation against Plaintiff for engaging in the protected activity of taking maternity/pregnancy leave under the Washington Law Against Discrimination;

g.    Judgment against Defendant under the Pregnancy Discrimination Act of Title VII of the Civil Rights Act of 1964 for the illegal and intentional discrimination against Plaintiff due to her pregnancy;

h.    An order restoring Plaintiff to her rightful position at TEA, or in lieu of reinstatement, an order for front pay benefits;

i.    Back pay (including interest and benefits);

j.    Compensatory damages for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including but not

COMPLAINT FOR EMPLOYMENT
DISCRIMINATION
**Case No.**
Page 17 of 18

CASCADE LAW, PLLC
1604 Hewitt Avenue, Suite 515
Everett, WA 98201
P: (425) 998-8999 / info@cascade.law

1               limited to emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and humiliation;

2

3        k.      Punitive damages for Defendant's malicious conduct described above, in amounts to be determined at trial;

4

5        l.       Judgment against the Defendant for attorney's fees and costs as allowed by law;

6        j.      Prejudgment and postjudgment interest, as permitted by law; and

7        k.     For such other relief as the Court deems just and equitable.

8

    DATED this 25th day of April, 2022.

9

10                                 CASCADE LAW, PLLC

11

12

13                                 Joseph W. Moore, WSBA No. 44061
                                Attorney for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

COMPLAINT FOR EMPLOYMENT
DISCRIMINATION
**Case No.**
Page 18 of 18

CASCADE LAW, PLLC
1604 Hewitt Avenue, Suite 515
Everett, WA 98201
P: (425) 998-8999 / info@cascade.law