UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YUAN ZHANG,<br><br>　　　　　　　Plaintiff,<br>　v.<br>THE ENERGY AUTHORITY INC,<br><br>　　　　　　　Defendant. | CASE NO. 2:22-cv-00694-TL<br><br>ORDER ON MOTION FOR PROTECTIVE ORDER |

  Plaintiff Yuan Zhang sued her former employer, Defendant The Energy Authority, alleging discrimination on the basis of race and gender. This matter is before the Court on Defendant's Opposed Motion for Confidentiality Protective Order. Dkt. No. 21. Having considered the Parties' briefing as well as the relevant law, the Court GRANTS Defendant's motion.

  While the Parties propose to use the Western District of Washington's model protective order, Defendants propose adding a section regarding "Confidential" material as follows:

  (a) "Confidential" material shall include the following documents and tangible things produced or otherwise exchanged:

  (b) An individual's application or personnel file or records, equal employment opportunity complaint or investigation file, or similar files, including the individual's identifying information (such as his or her name, address, telephone number, social security number, driver's license number, or bank account numbers) that a party to this litigation treats as confidential;

  (c) Any personal financial information, including but not limited to any financial account number, access code, or password;

  (d) Documents that describe, contain, or disclose internal corporate information that is legitimately held confidential within the corporation the public disclosure of which could potentially cause harm, including without limitation, trade secrets, proprietary business information, customer lists, customer names, business strategies, trading strategies, formula(e), draft or final analytical models, and communications discussing the details of any of the foregoing;

  (e) Any other information that a party in good faith believes constitutes or includes proprietary business or financial information, or personal information or information furnished to it in confidence by any third party, which information is not known or freely accessible to the general public.

Dkt. No. 21 at 20 ¶ 2. Plaintiff challenges only the addition of provisions (d) and (e) and the "broad language" contained in them. Dkt. No. 27 at 2. Therefore, the Court will address only those two proposed additions.

  First, Plaintiff characterizes Defendant's request as one for a "blanket protective order that permits [Defendant] to designate all discovery as subject to that order[.]" Dkt. No. 27 at 10. The Court disagrees with this characterization. When Plaintiff began working for Defendant, she signed a confidentiality agreement in which she acknowledged that:

> TEA considers its most valuable assets to be its existing and potential customers and vendors; its products and services, its sales, financial, analytical, marketing, and technical information and systems; its order and transaction handling and processing methods; its methods of performing calculations and decision making for transactions and conducting its business, its information management methods and techniques; its software, processes, source code, on-line applications, software screen displays, functionality, data flow, data, databases, data

>  manipulation methods, organization and processing for software and applications created in-house by TEA and those created by others at TEA's request or with TEA's participation; its formulas, methods for doing business, algorithms, strategies and models; and any other information concerning how TEA operates or plans to operate its business.

Dkt. No. 23-1 at 2. The language proposed by Defendant limits its request to certain categories of information that track the confidentiality agreement and that are fairly typical for protective orders involving businesses.

Second, as Defendant points out, the model protective order (and, therefore, the proposed protective order) includes a provision requiring the exercise of restraint in the designation material for protection. Dkt. No. 21 at 22 ¶ 5.1. The proposed order specifically prohibits "[m]ass, indiscriminate, or routinized designations" and subjects a designating party to sanctions for clearly unjustified designations. *Id.* at 23 ¶ 5.1.

The Court finds that the additions to the protective order are specifically tailored for the facts of this case and that there are sufficient guardrails to prevent over-designation. Accordingly, the Court GRANTS Defendant's motion and will issue the version of the protective order proposed by Defendant.

Dated this 11th day of May 2023.

Tana Lin
United States District Judge