UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YUAN ZHANG,<br><br>            Plaintiff,<br>v.<br><br>THE ENERGY AUTHORITY INC,<br><br>           Defendant. | CASE NO. 2:22-cv-00694-TL<br><br>ORDER ON PLAINTIFF'S<br>MOTION TO COMPEL |

Plaintiff Yuan Zhang sued her former employer, Defendant The Energy Authority, alleging discrimination on the basis of race and gender. This matter is before the Court on Plaintiff's Motion to Compel. Dkt. No. 19. Having considered the Parties' briefing as well as the relevant law and finding oral argument unnecessary, *see* LCR 7(b)(4), the Court GRANTS IN PART and DENIES IN PART as moot Plaintiff's motion.

As an initial matter, the Court notes that the Parties spent a significant portion of their briefing complaining about each other. Indeed, only four paragraphs of Plaintiff's reply brief

address the actual discovery she continues to seek. As this case was recently transferred to this Court, the Court takes the opportunity to underscore to the Parties that civility *by all* is of the utmost importance. The Court DIRECTS the Parties to review its Standing Orders, especially its requirements relating to civility.

It appears from Plaintiff's reply that most of the issues raised in the motion to compel have been resolved. However, document production by Defendant has not yet been completed, in part, because the Parties could not agree on a protective order.[1] The Court has now granted Defendant's motion for a protective order (Dkt. No. 43) and entered the protective order (Dkt. No. 44). Therefore, Defendant should be able to continue with and complete document production. Defendant must also produce a privilege log for any information redacted from its productions.

Accordingly, the Court ORDERS the Parties to meet and confer and, within **fourteen (14) days** of this Order, to submit a status report that includes:

    a. A deadline for when document production will be completed;

    b. A deadline for when Defendant will produce a privilege log;

    c. A deadline for the close of discovery;[2]

    d. A deadline for the filing of dispositive motions and motions challenging expert witness testimony (if the parties are utilizing expert witnesses);

    e. The number of trial days the Parties anticipate needing and the Parties' availability for trial in the first half of 2024; and

---

[1] The Court is uncertain why Plaintiff waited eight months from the filing of her complaint to issue her first discovery requests. Nor does the Court understand why Defendant waited until nearly the close of discovery to move for a protective order since it was completely predictable that discovery might involve the disclosure of information it would consider protected.

[2] This deadline will only be extended for matters related to documents being produced after the initial deadline for the close of discovery.

ORDER ON PLAINTIFF'S
MOTION TO COMPEL - 2

    f. A discussion of any prospects for settlement.

Dated this 11th day of May 2023.

                 _____
                 Tana Lin
                 United States District Judge